IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| MICHAEL JAMES KLUGE,<br><br>    Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA. | No. C12-4018-LRR<br>No. CR08-4060-LRR<br><br>ORDER |

   This matter appears before the court on Michael James Kluge's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 2). Michael James Kluge ("the movant") filed such motion on February 24, 2012. Also before the court is the movant's motion to proceed in forma pauperis (civil docket no. 1), filed on February 24, 2012, the movant's motion for issuance of subpoenas (civil docket no. 3), filed on February 24, 2012, the movant's motion to expand the record (civil docket no. 4), filed on February 24, 2012, the movant's motion for discovery (civil docket no. 5), filed on February 24, 2012, the government's motion to dismiss (civil docket no. 7), filed on March 2, 2012, the movant's motion for transcript (civil docket no. 10), filed on September 27, 2012, the movant's second motion for transcript (civil docket no. 11), filed on November 26, 2012, and the movant's motion to amend (civil docket no. 12), filed on November 26, 2012.

   There is no fee associated with filing a motion under 28 U.S.C. § 2255. Further, to the extent that the movant is seeking in forma pauperis status because he desires transcripts, the court does not believe that the movant will be exposed to excessive costs in this action, especially considering the record. Regarding the movant's request to produce a transcript of the February 12, 2009 hearing where the court granted his motion to terminate counsel and appointed standby counsel and request to produce a transcript of

the opening statements and closing arguments of his trial, the court considered the claims that the movant asserts and finds that it is unnecessary to produce additional transcripts at the expense of the taxpayer. Accordingly, the movant's motion to proceed in forma pauperis (civil docket no. 1), motion for transcript (civil docket no. 10) and second motion for transcript (civil docket no. 11) shall be denied.

As to the movant's motion for issuance of subpoenas, motion to expand the record and motion for discovery, the court concludes that good cause is lacking in light of the record and, consequently, discovery is not warranted. *See* Rule 6 of the Rules Governing Section 2255 Proceedings. Because a cursory review of the movant's claims suggests that they are baseless, there is no reason to permit a fishing expedition. Accordingly, the motion for issuance of subpoenas (civil docket no. 3), the motion to expand the record (civil docket no. 4) and motion for discovery (civil docket no. 5) shall be denied.[1]

With respect to the government's motion to dismiss, the court declines to address the procedural irregularities that the government identified. The court finds that it is more efficient to address the movant's action under 28 U.S.C. § 2255 by having the government file a brief on the merits. Accordingly, the motion to dismiss (civil docket no. 7) shall be denied.

Concerning the movant's motion to amend, it appears that the movant now desires to add to his stand-alone prosecutorial misconduct claims by alleging ineffective assistance of counsel. Consequently, it is doubtful that the proposed amendment sufficiently relates back to his original claims. *See United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999) (concluding an otherwise untimely amendment to a 28 U.S.C. § 2255 motion does not relate back to a timely filed motion when the original claims are distinctly separate from the claims in the amendment); *see also Mandacina v. United States*, 328 F.3d 995,

---

[1] The court notes that, when addressing the merits of his claims, it will consider all of the documents that the movant already submitted and any additional documents that he would like to submit in response to the government's brief.

999-1000 (8th Cir. 2003) (citing *Craycraft*, 167 F.3d at 457); *Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999) (discussing *Craycraft*, 167 F.3d at 456-57). Nonetheless, the court deems it appropriate to have the government respond to the movant's amended claims. Accordingly, the motion to amend (civil docket no. 12) shall be granted.

Having conducted its preliminary consideration of the movant's amended § 2255 motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the court shall direct the government and the movant to respond in the following manner:

> 1. The government shall be directed to file a brief in response to the movant's amended § 2255 motion on or before November 4, 2013.[2] The government may attach relevant exhibits to its brief.
>
> 2. If he so chooses, the movant shall be directed to file a brief in reply to the government's response on or before November 25, 2013.

The movant raises at least one claim of ineffective assistance of counsel. A claim of ineffective assistance of counsel waives the attorney-client privilege as to communications with the attorney that are necessary to prove or disprove the claim. *See Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("When a client calls into public question the competence of his attorney, the privilege is waived."); *see also United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (citing *Tasby*, 504 F.2d at 336); *United States v. Davis*, 583 F.3d 1081, 1090 (8th Cir. 2009) (making clear that attorney-client privilege cannot be used as both a sword and a shield); *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005) (citing *Tasby*, 504 F.2d at 336); *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (addressing scope of waiver); *United States v. Ballard*, 779 F.2d 287, 292 (5th

---

[2] When responding, the government should consider all of the claims included in the original motion and the arguments and authority that the movant included in his motion to amend and memorandum. Nothing in this order, however, prevents the government from asserting any affirmative defense. So, if warranted, the government may assert that the movant's amended claims are untimely and do not sufficiently relate back to his original claims.

Cir. 1986) (permitting an attorney to reveal otherwise privileged communications when defending himself against charges of improper conduct); *Schwimmer v. United States*, 232 F.2d 855, 863 (8th Cir. 1956) (indicating that waiver may be express or implied). Therefore, counsel whose representation is challenged shall be directed to file with the court an affidavit that responds only to the movant's specific allegation(s) of ineffective assistance of counsel. Such affidavit must contain all of the information that counsel reasonably believes is necessary to respond to the movant's specific allegation(s). In addition, counsel shall be directed to attach to, or include with, his or her affidavit all of the documents that he or she reasonably believes are necessary to respond to the movant's allegation(s). This court-supervised response to the movant's allegation(s) must be filed with the court on or before October 4, 2013. The clerk's office shall be directed to provide a copy of this order to the movant's former counsel.[3] After former counsel

---

[3] The American Bar Association provides guidance as to when an attorney may reveal information that relates to the representation of a client who alleges ineffective assistance of counsel. Specifically, the ABA, in relevant part, states:
> [a] lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary [. . .] to respond to allegations in any proceeding concerning the lawyer's representation of the client [or] to comply with other law or a court order.

ABA Model Rules of Prof'l Conduct R. 1.6(b)(5)-(6); *see also* ABA Model Rules of Prof'l Conduct R. 1.6 cmt. 12-15 (addressing disclosures that are adverse to the client). Concerning Model Rule 1.6, counsel is advised to read ABA Formal Opinion 10-456, Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim. *See* ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 10-456 (2010). It may be accessed at the following website: http://www.americanbar.org/content/dam/aba/migrated/2011_build/professional_responsibility/ethics_opinion_10_456.authcheckdam.pdf. Alternatively, such opinion may be accessed by visiting the ABA's website and typing into the search feature "10-456". If counsel concludes that he or she cannot comply with this order without violating an attorney-client privilege or if counsel concludes that he or she cannot reasonably determine the scope of the waiver of the attorney-client privilege, counsel is directed to file a
(continued…)

complies with the court's directives, the clerk's office shall be directed to serve both parties with a copy of the document(s) that former counsel files.

Where former counsel cooperates by reviewing his or her files, by providing information and documents, by preparing an affidavit and/or by testifying during an evidentiary hearing, the court deems it appropriate to pay him or her under the Criminal Justice Act, 18 U.S.C. § 3006A. After providing the requisite services, counsel may submit a supplemental CJA 20 voucher. Absent exceptional circumstances or an extraordinary reason for doing so, counsel's claim for services should not exceed 10 hours and claim for other expenses should not exceed $250.00.

**IT IS THEREFORE ORDERED**:

(1) The movant's motion to proceed in forma pauperis (civil docket no. 1), motion for issuance of subpoenas (civil docket no. 3), motion to expand the record (civil docket no. 4), motion for discovery (civil docket no. 5), motion for transcript (civil docket no. 10) and second motion for transcript (civil docket no. 11) are denied.

(2) The government's motion to dismiss (civil docket no. 7) is denied.

(3) The movant's motion to amend (civil docket no. 12) is granted.

(4) Counsel whose representation is challenged is directed to file by no later than October 4, 2013 an affidavit that responds only to the movant's specific allegation(s) of ineffective assistance of counsel. Such counsel is also directed to attach to, or include with, his or her affidavit all of the documents that he or she reasonably believes are necessary to respond to the movant's allegation(s).

---

[3](…continued)
response that specifically states the reasons for his or her conclusion. To comply with this order, counsel must file either an affidavit, a response or, if appropriate, a combination of the two by the required date.

(5) The clerk's office is directed to provide a copy of this order to the movant's former counsel. After former counsel complies with the court's directives, the clerk's office is directed to serve both parties with a copy of the document(s) that former counsel files.

(6) The government is directed to file a brief in response to the movant's amended § 2255 motion (docket nos. 2, 12 & 14) on or before November 4, 2013. If he so chooses, the movant is directed to file a brief in reply to the government's response on or before November 25, 2013.

**DATED** this 5th day of September, 2013.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA